UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| JAMES E. BOSTIC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 20-1031-SHM-cgc |
| | ) |
| JOHN MEHR, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER DISMISSING THE COMPLAINT (ECF NO. 1);
GRANTING LEAVE TO AMEND; AND
DENYING ALL PENDING MOTIONS (ECF NOS. 16, 19, 20, 22, 23, 24, 26 & 27)**

On January 28 2020, Plaintiff James E. Bostic filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)[1] He names (1) Madison County, Tennessee Sheriff John Mehr and (2) the "Madison County Government" as Defendants. (ECF No. 1 at PageID 1-2.) Plaintiff is a three-strike filer under 28 U.S.C. § 1915(g).[2]

---

[1] When time Bostic filed his § 1983 complaint, he was incarcerated at Madison County Jail (the "Jail") in Jackson, Tennessee. (ECF No. 1 at PageID 2 & 22.) On February 18, 2020, Bostic notified the Clerk of Bostic's transfer to Bledsoe County Correctional Complex (the "BCCC") in Pikeville, Tennessee. (ECF No. 8.) On September 15 and 25, 2020, Bostic notified the Clerk of Bostic's transfer to Whiteville Correctional Facility (the "WCF") in Whiteville, Tennessee. (ECF Nos. 14 & 15.) Bostic is presently confined at the WCF. (*See* https://apps.tn.gov/foil-app/details.jsp.)

[2] *See Bostic v. Corr. Corp. of Am., et al.*, Case No. 3:06-0041 (M.D. Tenn.) (dismissed for failure to state a claim on Jan. 19, 2006), *aff'd on appeal*, No. 06-5249 (6th Cir. 10/12/06); *Bostic v. Metro. Public Defender's Office, et al.*, Case No. 3:05-0455 (M.D. Tenn.) (dismissed for failure to state a claim on June 9, 2005); and *Bostic v. Metro. Public Defender's Office, et al.*, Case No. 3:05-1014 (M.D. Tenn.) (dismissed as frivolous on Nov. 30, 2005).

On August 24, 2020, the Court granted leave to proceed *in forma pauperis* and assessed the $350 civil filing fee. (ECF No. 13.)

Bostic's § 1983 complaint alleges denial of sleep apnea equipment (ECF No. 1 at PageID 1-10) and unconstitutional conditions of confinement at the Jail (*id*. at PageID 11-21) in November and December 2019. (*Id*. at PageID 7-8.) Bostic seeks: "$51 million in punitive damages"; "transfer[] and immediate[] release to TDOC so I can get the care and treatments I need for my sleep apnea"; and injunctive relief for provision of a CPAP breathing machine. (*Id*. at PageID 3 & 4.)

On October 27, 2020, Bostic filed a motion to issue summons. (ECF No. 16.) On February 12, 2021, he filed a motion for default judgment. (ECF No. 19.) On March 11, 2021, he filed a request for a pretrial settlement conference video hearing. (ECF No. 20.) On March 17, 2021, Bostic filed a motion for production of documents. (ECF No. 22.) Two days later, he filed another motion for document production. (ECF No. 23.) On April 9, 2021, Bostic filed a motion for mediation. (ECF No. 24.) On October 29, 2021, Bostic filed a motion to issue summons (ECF No. 26) and a motion for appointment of counsel (ECF No. 27). These eight motions are before the Court for consideration, along with the screening of Bostic's § 1983 complaint.

For the reasons explained below: Bostic's complaint is DISMISSED WITHOUT PREJUDICE (ECF No. 1); leave to amend is GRANTED; and all of Plaintiff's pending motions (ECF Nos. 16, 19, 20, 22, 23, 24, 26 & 27) are DENIED.

I.     **THE COMPLAINT**

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Bostic filed his complaint (ECF No. 1) pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### A.    Official Capacity Claims & Claims Against Madison County Government

To the extent that Bostic sues Defendant Mehr in his official capacity, those claims are construed against Mehr's employer, Madison County. *See Jones v. Union Cnty., Tenn.*, 296 F.3d 417, 421 (6th Cir. 2002) (citing *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994)). Madison County may be held liable *only* if Bostic's injuries were sustained pursuant to an unconstitutional custom or policy. *See Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 691-92 (1978). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986) (emphasis in original)).

Bostic does not allege that he has been deprived of a right because of a Madison County policy or custom. Instead, Bostic alleges deprivation of medical care in his particular circumstances. (ECF No. 1 at PageID 1-10.) He expresses his displeasure with aspects of life in confinement, such as food selections, entertainment options, outside views, and paint conditions. (*Id*. at PageID 11-12 & 17.) Bostic insufficiently alleges a claim to relief against Madison County or against Defendant Mehr in his official capacity.

B. **Individual Capacity Claims For Deprivation Of Medical Care**[3]

Bostic alleges that in June 2018 BCCF doctors diagnosed him with sleep apnea and "ordered me a CPAP breathing machine." (ECF No. 1 at PageID 8.) Vanderbilt Hospital doctors diagnosed Bostic with "serotonin completion sleep disorder" on an unspecified date. (*Id*.) On December 4, 2019, "the [Jail's[4]] medical staff told me that if my family don't bring a CPAP breathing machine, the Jail cannot help me with a CPAP breathing machine." (*Id*. at PageID 7.) Bostic filed sick call requests on December 2 – 6, 2019, to which Defendants did not respond. (*Id*.; *see also id*. at PageID 8.) Bostic states that without a CPAP machine "I have been waking up in the middle of the night … I'm not getting all my rest. I stop breathing in my sleep which I could die from as well." (*Id*. at PageID 9; *see also id*. at PageID 4 (alleging that CPAP machine deprivation "increases my likelihood of more life-altering conditions such as stroke, increased

---

[3] "[A]bsent any indication that the[ ] defendants are being sued individually, [the court] must assume that they are being sued in their official capacities." *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001) (quoting *Whittington v. Milby*, 928 F.2d 188, 193 (6th Cir. 1991)). Although Bostic does not state that he is suing Defendant Mehr in his individual capacity, Plaintiff's complaint "clearly notif[ies] defendants of the potential for individual liability." *See id*. at 773. Liberally construing the complaint, the Court construes Bostic's complaint to allege individual capacity allegations.

[4] At the time Bostic filed his § 1983 complaint on January 18, 2020, he was incarcerated at the Jail in Jackson, Tennessee. (ECF No. 1 at PageID 2 & 22.)

cardiac workload including myocardial infarction, pulmonary arthrosclerosis, pulmonary embolism, [and] anoxic brain").)

Bostic states that he has a history of "severe blood pressure." Bostic alleges that Defendants have refused to provide him with Lasartan 100mg, which Bostic has taken since November 30, 2019 for blood pressure issues. (*Id*. at PageID 8.)

The Court reviews claims about the denial of medical care under the Eighth Amendment, which prohibits cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Under *Estelle v. Gamble*, 429 U.S. 97, 104 (1976), "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' ... proscribed by the Eighth Amendment." However, not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." *Id.* at 105. To state a cognizable claim, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Id.* at 106.

Eighth Amendment claims have both objective and subjective components. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson*, 501 U.S. at 298. The objective component of a medical care claim requires that a prisoner have a serious medical need. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004); *Brooks v. Celeste*, 39 F.3d 125, 128 (6th Cir. 1994). "[A] medical need is objectively serious if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would readily recognize the necessity for a doctor's attention.'" *Blackmore*, 390 F.3d at 897; *see also Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). "Not 'every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim.'" *Sarah v. Thompson*, 109 F. App'x 770, 771 (6th Cir. 2004) (quoting *Gutierrez v. Peters*,

111 F.3d 1364, 1372 (7th Cir. 1997)). The subjective component requires that jail officials acted with the requisite intent – *i.e.*, had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson*, 501 U.S. at 302-03 (plaintiffs must show officials' "deliberate indifference" to a substantial risk of serious harm); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 550 (6th Cir. 2009). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an inmate's health or safety and disregards it. *Id.* at 837.

Interrupted rest from sleep apnea can constitute a serious medical need for purposes of Eighth Amendment analysis. However, a diagnosis of sleep apnea can include a wide range of conditions. An order for a CPAP machine does not necessarily suggest that Bostic's sleep apnea is serious or life threatening. Bostic fails to allege his medical diagnosis with specificity, relying instead on conclusory allegations about potential risks.

Bostic also fails to support his generalized allegations of "severe blood pressure." (ECF No. 1 at PageID 8-9.) For example, he does not describe his blood pressure symptoms or their severity. The complaint alleges no facts from which to plausibly infer that Bostic's insistence on Lasartan 100mg is more than a disagreement about course of treatment. Such disagreements do not rise to the level of an Eighth Amendment claim. *See Estelle*, 429 U.S. at 106. Bostic fails to allege the Eighth Amendment's objective component.

Bostic also fails to allege that Mehr or any member of the Madison County Government examined Bostic or otherwise knew about his sleep apnea or high blood pressure. *See Farmer*, 511 U.S. at 837. Bostic fails to allege the Eighth Amendment's subjective prong.

For all of these reasons, Bostic's allegations of inadequate medical care fail to state a claim on which relief may be granted and are DENIED.

### C.   Individual Capacity Claims For Conditions Of Confinement

Bostic alleges numerous conditions at the Jail: (1) the food served to inmates (*id*. at PageID 11 ("pennut butter and balony sandwiches") & PageID 18 ("coffee at breakfast … would help take off the edge")); (2) the amount charged inmates for sick call requests (*id*. at PageID 11 ($5.00 versus $3.00)); (3) lack of televisions (*id*.); (4) lack of recreation during lockdowns (*id*. at PageID 11-12 & 17); (5) coverings on cell windows that prevent inmates from seeing outside (*id*. at PageID 11 & 17 ("This is an act of evil within itself")); (6) issuance of used or dirty clothing to inmates (*id*. at PageID 11 & 17); (7) overcrowding, sleeping on the floor, plumbing problems, and mold (*id*. at PageID 12); (8) paint in the cells that "is seriously chipping off" (*id*.); (9) falsified maintenance records (*id*.); (10) absence of counseling, mental health, and social work services (*id*. at PageID 13); (11) Jail personnel's reading of inmate mail (*id*.); (12) inadequate records processing time (*id*. at PageID 15); (13) a "seriously toxic" environment among inmates and staff (*id*. at PageID 16 ("everyday life is not normal as you can see")); and (14) inadequate facilities for computer, paper, newspaper, and typewriter access (*id*. at PageID 16) (collectively, the "Challenged Conditions").

The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer,* 511 U.S. at 832 (collecting cases). An Eighth Amendment claim "requires 'more than ordinary lack of due care for the prisoner's interest or safety.'" *Id*. at 835

(quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).  None of the Challenged Conditions is of constitutional magnitude.

For example, the absence of coffee at daily breakfast, meals of peanut butter or baloney sandwiches, the lack of televisions, coverings on cell windows, chipped paint, plumbing problems, inadequate computer paper, too few newspapers, and inadequate typewriter facilities, *see* ECF No. 1 at PageID 11, 12, 17 & 18, are part of the ordinary discomfort that is the reality of prison life. The Constitution "does not mandate comfortable prisons."  *See Wilson*, 501 U.S. at 298; *Rhodes*, 452 U.S. at 348.

Despite Bostic's allegation of "lack of recreation during lockdowns," *see* ECF No. 1 at PageID 1-12 & 17, "there is no applicable precedent requiring any minimum amount of outdoor recreation for prisoners." *See Kizer v. Robertson Cnty.*, No. 3:17-cv-00715, 2018 WL 2164557, at *1 (M.D. Tenn. May 10, 2018) (citing *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003)).  Bostic does not contend that he was deprived of sufficient recreation to maintain reasonably good physical and mental health. *See Walker v. Mintzes*, 771 F.2d 920, 927 (6th Cir. 1985).

In this Circuit, a prisoner's claim of denial of clean clothes for a brief time fails to state an Eighth Amendment violation. *See Walker v. State, Dept. of Corrections,* No. 98-6586, 2000 WL 32057, *1–2 (6th Cir. Jan.7, 2000).  Bostic does not allege facts from which to infer an unconstitutional duration of unlaundered clothes.  (*See* ECF No. 1 at PageID 11 & 17.)

"[O]vercrowding is not, in itself, a constitutional violation," *see Agramonte v. Shartle*, 491 F. App'x 557, 560 (6th Cir. 2012).  Bostic does not allege facts demonstrating "extreme deprivations" to support a prison overcrowding claim. (*See* ECF No. 1 at PageID 12.)  Although mold may demonstrate the Eighth Amendment's objective component in appropriate

9

circumstances, *see Morales v. White*, No. 07-2018-STA-DKV, 2008 WL 4585340, at *14 (W.D. Tenn. Oct. 10, 2008), Bostic does not meet the subjective prong. He does not allege that Mehr was aware of mold conditions at the Jail and did nothing about them. (*See* ECF No. 1 at PageID 12.)

Bostic's allegations about the costs of sick calls, *see id*. at PageID 11 ($5.00 versus $3.00), might suffice for an Eighth Amendment claim if Bostic could establish that he was unable to afford medication for a serious medical need and that he suffered unnecessary pain because he was denied free medication. *See Westlake v. Lucas*, 537 F.2d 857, 860 (6th Cir. 1976). The record fails to show that Bostic lacked sufficient funds in his inmate trust account to buy medication during the pertinent period. *Cf. Bailey v. Carter*, 15 F. App'x 245, 250 (6th Cir. 2001) (finding inmates' Eighth Amendment claim meritless where they alleged they had to pay for medication, not that they were denied medication).

Bostic's allegations about falsified maintenance records, the absence of social work services, and Jail personnel's reading of inmate mail, *see* ECF No. 1 PageID 12-13, do not suggest that Bostic himself was harmed by those issues. Bostic seems to pursue prospective injunctive or declaratory relief on behalf of other inmates for conditions generally at the Jail. (*See id*.) Bostic lacks standing to assert such claims. One of the three elements of standing is that "the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote, and citations omitted). "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted). Unless Bostic suffered an actual

injury, he "was not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001). Even as to Bostic himself, the Challenged Conditions claims are moot because Bostic is no longer confined at the Jail. (ECF Nos. 14 & 15.)

For these reasons, Bostic's allegations about the Challenged Conditions fail to state a claim on which relief may be granted and are DENIED.

### D. Claims About Inadequate Prison Grievance Procedure

Bostic alleges he did not receive any response to his CPAP grievances. (ECF No. 1 at PageID 5, 7, 8 & 14.) That allegation fails to state a claim to relief.

"There is no inherent constitutional right to an effective prison grievance procedure." *See LaFlame v. Montgomery Cnty. Sheriff's Dep't*, 3 F. App'x 346, 348 (6th Cir. 2001) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996)). A § 1983 claim cannot be premised on contentions that the grievance procedure was inadequate. *Id.*

Bostic's allegations of inadequate grievance process at the Jail are DENIED for failure to state a claim to relief.

## II. PENDING MOTIONS

### A. Discovery Motions

On March 17, 2021, Bostic filed a motion compel Defendants' production of "all his medical records … from Nov[ember] 2019 to Feb[ruary] 11, 2020." (ECF No. 22 at PageID 64-65.) Two days later, Bostic filed another motion seeking the same, if not similar, materials. (ECF No. 23 at PageID 68 (seeking "the medical records of Madison County Jail [that] contains [sic] information relating to this case lawsuit").) Both motions lack merit.

A plaintiff must pursue discovery requests directly from the defendants in accordance with the Federal Rules of Civil Procedure -- not by Court order. *See, e.g.*, Fed. R. Civ. P. 34 ("A party

may serve on any other party a request … to produce … any designated documents or electronically stored information …"). Nothing in the record suggests that Bostic has ever served discovery requests on Defendants. There is nothing to compel.

Bostic's motions to compel (ECF Nos. 22 & 23) are DENIED.

**B. Motion To Issue Summons (ECF No. 16), Motion For Default Judgment (ECF No. 19), Motion For Settlement Conference (ECF No. 20), Motion For Mediation (ECF No. 24), Motion To Issue Summons (ECF No. 26) & Motion To Appoint Counsel (ECF No. 27)**

Given that the Court is dismissing Bostic's § 1983 complaint (ECF No. 1) for failure to state a claim to relief, all other pending motions (ECF Nos. 16, 19, 20, 24, 26 & 27) are DENIED as moot. If Bostic chooses to do so, he may re-file those motions if this case proceeds.

## III. CONCLUSION

For all of the reasons explained above:

(1) The Court DISMISSES THE COMPLAINT WITHOUT PREJUDICE (ECF No. 1), for failure to state a claim on which relief can be granted, under 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend the complaint is GRANTED. Any amendment to Bostic's claims must be filed within twenty-one (21) days after the date of this order. Bostic is advised that an amended complaint will supersede the original complaint and must be complete in itself without reference to the prior pleadings. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. All claims alleged in an amended complaint must arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count.

(2) If Bostic fails to file an amended complaint within the time specified, the Court will dismiss this case and enter judgment. The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

(3) Bostic's motions to compel production of documents (ECF Nos. 22 & 23) are DENIED.

(4) Given that the Court is dismissing the complaint (ECF No. 1) for failure to state a claim to relief, Bostic's (a) Motion To Issue Summons (ECF No. 16), (b) Motion For Default Judgment (ECF No. 19), (c) Motion For Settlement Conference (ECF No. 20), (d) Motion For Mediation (ECF No. 24), (e) Motion To Issue Summons (ECF No. 26), and (f) Motion To Appoint Counsel (ECF No. 27) are DENIED without prejudice as moot.

IT IS SO ORDERED, this 20th day of December, 2021.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE